AO 470 (12/03) Order of Temporary Detention

Filed 2/25/11
Clerk, U. S. District Court
Western District of Texas
By _____ Deputy

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT |
| vs. § § | |
| (1) ROEL CHAPA § (2) ERMA GARCIA § (3) FELIX GARCIA § (4) GABRIEL GARCIA § Defendant | Case Number: SA:11-M -00172(1,2,3,4) |

Upon Motion of the ___GOVERNMENT___, it is ORDERED that a

**PRELIMINARY / DETENTION HEARING**

is set for ___March 02, 2011___ * at ___2:00 PM___
　　　　　　　　Date　　　　　　　　　　　　　　　　　　Time

before ___U.S. Magistrate Judge John W Primomo___

in the　Courtroom A, on the 4th Floor in the John H. Wood, Jr. United States Courthouse, 655 East Durango Blvd., San Antonio, TX
　　　　　　　　　　　　　　Location of Judicial Officer

Pending this hearing, the defendant shall be held in custody by (the United States Marshal)
( _____ )
and produced for the hearing.

___25th day of February, 2011___　　　　　/s/ Pamela A. Mathy
　　　　　　Date　　　　　　　　　　　　　　PAMELA MATHY
　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE

---

\* If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C. §3142(f)(2).

A hearing is required whenever the conditions set forth in 18 U.S.C. §3142(f) are present. Subsection (1) sets forth the grounds that may be asserted by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will

AO 468 (1/86) Waiver of Preliminary Examination or Hearing

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

United States of America § **WAIVER OF PRELIMINARY**
§ **EXAMINATION OR HEARING**
§ **(Rule 5 or 32.1, Fed. R. Crim. P.)**
vs. §
§ Case Number: SA:11-M -00172(1)
(1) Roel Chapa §
§
§

*Defendant*

I, (1) Roel Chapa, charged in a (complaint) pending in this District with Conspiracy to Possess with Intent to Distribute methamphetamine, in violation of Title 21 , U.S.C. § 841(a)(1) and 841(b)(1)(B), and having appeared before this Court and been advised of my rights as required by Rule 5 or Rule 32.1, Fed. R. Crim. P., including my right to have a preliminary (examination) (hearing), do hereby waive (give up) my right to a preliminary (examination) (hearing).

_____   _____
            *Date*                                    (1) *Roel Chapa*
                                                      *Defendant*

                                  _____
                                  *Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § | |
| | § | |
| vs. | § | Criminal No. SA:11-M-00172(1) |
| | § | |
| (1) Roel Chapa | § | |
| *Defendant* | | |

# DETENTION ORDER

At the initial appearance of the defendant, the government requested that the defendant be detained without bond pending trial pursuant to Title 18 U.S.C. Section 3142(f). On the date of the detention hearing, the defendant, with his/her counsel, and the attorney for the government appeared, and the parties announced an agreement to detain defendant without bond. The defendant is aware of his/her rights to a detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. Defendant knows that if he waives his/her detention hearing, he/she will remain in custody pending trial. By signing this Detention Order, defendant acknowledges that he/she has no questions and understands his/her rights and the consequences of waiving those rights, and agrees to be detained without bond pending trial. Upon consideration of defendant's waiver, the charge against him/her, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1) Defendant be detained without bond pending trial;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4)  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

SIGNED on

_____
PAMELA MATHY
U.S. MAGISTRATE JUDGE

APPROVED:

_____
(1) Roel Chapa, *Defendant*

_____
*Attorney for Defendant*

AO 468 (1/86) Waiver of Preliminary Examination or Hearing

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

United States of America §
§ **WAIVER OF PRELIMINARY**
§ **EXAMINATION OR HEARING**
vs. § **(Rule 5 or 32.1, Fed. R. Crim. P.)**
§
(2) Erma Garcia § Case Number: SA:11-M-00172(2)
§
§

*Defendant*

I, (2) Erma Garcia, charged in a (complaint) pending in this District with Conspiracy to Possess with Intent to Distribute methamphetamine, in violation of Title 21, U.S.C. § 841(a)(1) and 841(b)(1)(B), and having appeared before this Court and been advised of my rights as required by Rule 5 or Rule 32.1, Fed. R. Crim. P., including my right to have a preliminary (examination) (hearing), do hereby waive (give up) my right to a preliminary (examination) (hearing).

_____          _____
            *Date*                                      (2) Erma Garcia
                                                         *Defendant*

                                         _____
                                          *Attorney for Defendant*

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § § | |
| vs. | § § § | Criminal No. SA:11-M-00172(2) |
| (2) Erma Garcia<br>*Defendant* | § | |

## DETENTION ORDER

At the initial appearance of the defendant, the government requested that the defendant be detained without bond pending trial pursuant to Title 18 U.S.C. Section 3142(f). On the date of the detention hearing, the defendant, with his/her counsel, and the attorney for the government appeared, and the parties announced an agreement to detain defendant without bond. The defendant is aware of his/her rights to a detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. Defendant knows that if he waives his/her detention hearing, he/she will remain in custody pending trial. By signing this Detention Order, defendant acknowledges that he/she has no questions and understands his/her rights and the consequences of waiving those rights, and agrees to be detained without bond pending trial. Upon consideration of defendant's waiver, the charge against him/her, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1) Defendant be detained without bond pending trial;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4)     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

SIGNED on

                                                PAMELA MATHY
                                                U.S. MAGISTRATE JUDGE

APPROVED:

_____
(2) Erma Garcia, *Defendant*


_____
*Attorney for Defendant*

AO 468 (1/86) Waiver of Preliminary Examination or Hearing

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § | **WAIVER OF PRELIMINARY EXAMINATION OR HEARING** |
| vs. | § § | **(Rule 5 or 32.1, Fed. R. Crim. P.)** |
| (3) Felix Garcia | § § § § | Case Number:  SA:11-M -00172(3) |
| *Defendant* | | |

I, (3) Felix Garcia, charged in a (complaint) pending in this District with Conspiracy to Possess with Intent to Distribute methamphetamine, in violation of Title 21 , U.S.C. § 841(a)(1) and 841(b)(1)(B), and having appeared before this Court and been advised of my rights as required by Rule 5 or Rule 32.1, Fed. R. Crim. P., including my right to have a preliminary (examination) (hearing), do hereby waive (give up) my right to a preliminary (examination) (hearing).

_____
*Date*

_____
(3) Felix Garcia
*Defendant*

_____
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| United States of America | § |
| | § |
| vs. | §   Criminal No. SA:11-M-00172(3) |
| | § |
| (3) Felix Garcia | § |
| *Defendant* | |

## DETENTION ORDER

At the initial appearance of the defendant, the government requested that the defendant be detained without bond pending trial pursuant to Title 18 U.S.C. Section 3142(f). On the date of the detention hearing, the defendant, with his/her counsel, and the attorney for the government appeared, and the parties announced an agreement to detain defendant without bond. The defendant is aware of his/her rights to a detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. Defendant knows that if he waives his/her detention hearing, he/she will remain in custody pending trial. By signing this Detention Order, defendant acknowledges that he/she has no questions and understands his/her rights and the consequences of waiving those rights, and agrees to be detained without bond pending trial. Upon consideration of defendant's waiver, the charge against him/her, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1) Defendant be detained without bond pending trial;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4)   On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

SIGNED on

_____<br>
PAMELA MATHY<br>
U.S. MAGISTRATE JUDGE

APPROVED:

_____
(3) Felix Garcia, *Defendant*

_____
*Attorney for Defendant*

AO 468 (1/86) Waiver of Preliminary Examination or Hearing

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § § | **WAIVER OF PRELIMINARY EXAMINATION OR HEARING** |
| vs. | § § | **(Rule 5 or 32.1, Fed. R. Crim. P.)** |
| (4) Gabriel Garcia | § § § § | Case Number: SA:11-M-00172(4) |
| *Defendant* | | |

I, (4) Gabriel Garcia charged in a (complaint) pending in this District with Conspiracy to Possess with Intent to Distribute methamphetamine, in violation of Title 21, U.S.C. § 841(a)(1) and 841(b)(1)(B), and having appeared before this Court and been advised of my rights as required by Rule 5 or Rule 32.1, Fed. R. Crim. P., including my right to have a preliminary (examination) (hearing), do hereby waive (give up) my right to a preliminary (examination) (hearing).

_____        _____
        *Date*                                  (4) GabrielGarcia
                                                *Defendant*

                                        _____
                                                *Attorney for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| United States of America | § § | |
| vs. | § § | Criminal No. SA:11-M-00172(4) |
| (4) Gabriel Garcia<br>*Defendant* | § § | |

# DETENTION ORDER

At the initial appearance of the defendant, the government requested that the defendant be detained without bond pending trial pursuant to Title 18 U.S.C. Section 3142(f). On the date of the detention hearing, the defendant, with his/her counsel, and the attorney for the government appeared, and the parties announced an agreement to detain defendant without bond. The defendant is aware of his/her rights to a detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. Defendant knows that if he waives his/her detention hearing, he/she will remain in custody pending trial. By signing this Detention Order, defendant acknowledges that he/she has no questions and understands his/her rights and the consequences of waiving those rights, and agrees to be detained without bond pending trial. Upon consideration of defendant's waiver, the charge against him/her, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1) Defendant be detained without bond pending trial;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

SIGNED on

_____
PAMELA MATHY
U.S. MAGISTRATE JUDGE

APPROVED:

_____
(4) Gabriel Garcia, *Defendant*

_____
*Attorney for Defendant*